CHARLES J. DODGE *et al. vs.* HENRY P. STONE *et al.*

DECEMBER 2, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a bill in equity, brought by certain beneficiaries under a deed of trust against the trustee named therein and the purchasers of the real estate comprising the trust, to set aside the conveyance thereof by the trustee, acting in that capacity, and a note and mortgage thereon given by such purchasers to the trustee as an individual; and also to enjoin the purchasers from prosecuting a certain action of trespass and ejectment against one of the complainants concerning a portion of the realty in question. After a hearing in the superior court on bill,

answers, replication and proof the trial justice entered a decree denying and dismissing the bill and vacating an outstanding injunction. The complainants thereupon duly prosecuted their appeal to this court.

The facts herein are not in serious dispute and the question raised is primarily one of law. It appears that on February 28, 1935 certain persons, two of whom and the heirs at law of a third are complainants herein, conveyed to the respondent Stone, who was a realtor of many years' experience, a parcel of land in Barrington in this state bounding on Bullocks Cove and containing one large house, two small cottages, and two garages. That conveyance, however, was in substance on the following trusts, *viz.,* to take charge of and manage the trust estate, to collect rents, profits and other income therefrom, to pay taxes, charges and all expenses incident to the execution of the trust and as soon as may be to sell the property comprising the trust. Thereafter from the proceeds of such sale and any accumulated net income the trustee was directed to first pay sums aggregating $3950 to certain named persons and then the balance in equal shares to three of the grantors named in the deed creating the trust.

The evidence shows that the trustee attempted to sell the property he was holding in trust but had great difficulty in finding a purchaser, because the title to such property was seriously defective in several respects and a clear title policy could not be obtained. In January 1946 the trustee negotiated with a man and wife named Jarbeau, hereinafter referred to for convenience as the Jarbeaus, who were willing to purchase the property for $6000 in spite of its defective title of which they had knowledge. However, they had only $1000 to apply toward the purchase price and attempts to obtain a mortgage from financial institutions were unsuccessful.

Thereupon, in order that the sale might be consummated, the trustee individually from his own money advanced to the Jarbeaus as a loan the sum of $5000, and thereafter they

executed to him as an individual and not as trustee their note for such amount payable in six months with interest at 6 per cent secured by a mortgage on the property in question. The sale was handled through a title company and the trustee's deed from the respondent Stone to the Jarbeaus and their mortgage to him as an individual were both dated January 19, 1946. By letter dated February 6, 1946 the trustee notified the beneficiaries that the property had been sold. There is nothing to show that they had knowledge of the sale before that date. The present bill was filed April 3, 1946.

The trial justice found that $6000 was the full value of the trust property in view of the defects in its title. An attempt which was made by the complainants to prove a separate understanding or agreement between the trustee and themselves that the property should not be sold for less than $7500 was unsuccessful, and that point is apparently not now pressed by them. Further they do not contend that the trustee's conduct in making the sale was fraudulent or for the purpose of obtaining any personal advantage or financial reward. They do not question his honesty or integrity in any respect. The issue is merely whether, in view of the fact that he was selling the property as trustee, the sale was consummated in such a manner that as a matter of law they, as beneficiaries of the trust, could successfully ask the court to set it aside as being voidable in view of the existing circumstances. We do not have before us and we are not passing upon the question of whether or not the sale was advisable as a matter of policy or was made in the exercise of sound judgment.

An examination of the deed of trust shows clearly that its primary purpose was to bring about the sale of the property conveyed and a distribution of the money received therefor. Broad powers were given the trustee. For example, he was authorized to sell "for cash or on credit (taking as security for payment a mortgage upon the real estate sold)" and he was also authorized to sell at private sale "to such persons

and in such manner and for such price * * * as the trustee shall in his sole discretion determine."

No case exactly like the present one has been called to our attention. In deciding this cause we must therefore be governed by the general rules of law which have been established to regulate and control the conduct of a trustee in selling the property held in trust. In substance it is the complainants' contention that in the instant circumstances there was conduct by the trustee amounting in law to a breach of the trust and requiring reconveyance, because his acts were not justifiable and placed him in the position of being under the temptation of acquiring, in his individual capacity, the full legal title to the trust property. On the other hand, the respondents argue that the trustee acted in good faith, even to the extent of advancing his own money, so that a sale of the trust property could be made and the purposes of the trust carried out. The Jarbeaus also maintain that they are in effect bona fide purchasers for value without notice and that their rights are superior to any equities which the complainants may have.

It is settled that if the purchaser of the trust property is a bona fide purchaser for value without notice, actual or constructive, of any breach of trust on the part of the trustee in making the sale it will not be set aside at the instance of the beneficiaries. 54 Am. Jur., Trusts, §§266, 267; 3 Pomeroy Eq. Jur. (5th ed.), §770. In the instant cause it appears from the evidence, among other things, that the Jarbeaus knew that they were purchasing the property in question from a trustee who had the power to sell, and it is the latter's testimony that he believes he showed the trust deed to them. That deed, executed by two of the complainants and the ancestor of the other complainants, authorized the trustee to sell the property and, as we have hereinbefore indicated, conferred upon him very broad powers in that connection. In other words, we do not have before us a case in which a trustee has sold the trust res in violation of the provisions of the trust

instrument. It has been stated in substance that when a trustee has discretionary power to sell real estate the purchaser is not bound to make inquiry as to whether such power has been properly exercised nor look to the application of the purchase money. *Dickson* v. *New York Biscuit Co.*, 211 Ill. 468, 487. 2 Perry on Trusts (7th ed.), §789; 54 Am. Jur., Trusts, §270.

Also there is no evidence showing that there was any fraud or collusion between the trustee and the Jarbeaus in respect to the transfer of the property, that the latter had any business or family connection whatsoever with the trustee, or that they were purchasing the property directly or indirectly for the trustee or in his interest. It appears that the Jarbeaus in good faith advanced $1000 toward the purchase price of the realty and attempted unsuccessfully, because of the title defects, to borrow the remainder from others before finally making a loan from the trustee in his individual capacity. It is our opinion, therefore, that in the circumstances the Jarbeaus were bona fide purchasers for value without notice, actual or constructive, of any breach of trust on the part of the trustee in making the sale of the real estate, and that the trial justice was correct in vacating the outstanding injunction and in refusing to set aside the sale at the request of the complainants.

However, there remains for consideration the further question whether the trustee should be permitted to hold individually in his own name the note and mortgage for $5000, executed by the Jarbeaus, or should transfer them to himself as trustee. Broadly speaking it is clearly established that a trustee must give undivided loyalty to the trust confided to his care and to its beneficiaries. It is the policy of the law to see that in administering the trust he shall not be tempted in any way by conduct or circumstances to act otherwise than with complete loyalty to the trust and its interests. He must at all times exercise a high standard of honor and avoid all situations and transactions that tend

324

to call his good faith into question and to create in himself rights possibly conflicting with those of the beneficiaries.

The above general principles have been stated in varying language in the authorities. See 3 Bogert Trusts & Trustees, §543; 3 Pomeroy Eq. Jur. (5th ed.), §958; 2 Scott on Trusts, §170.25; 54 Am. Jur., Trusts, §311. *In re Bogert's Estate,* 24 N.Y.S. 2d 553; *Errico* v. *Scopollitti,* 131 N. J. Eq. 125. In the case last cited the court made the following statement at page 128: "A trustee violates his duty to the beneficiaries, not only where he purchases the property for himself but where he has a personal interest in the transaction of a substantial nature. The trustee must not place himself in temptation." These principles of law have been recognized and applied in substance by this court in passing upon the propriety of acts and conduct of fiduciaries of different types. See *Industrial Trust Co.* v. *Dean,* 67 R. I. 504; *Stephens* v. *Dubois,* 31 R. I. 138; *Butman* v. *Whipple,* 25 R. I. 578; *Horton* v. *Maine,* 22 R. I. 126.

In the instant cause the trustee in our opinion committed no breach of the trust which affected the validity of the sale itself. However, in the light of the principles of law we have hereinbefore discussed, we are of the opinion that the present circumstances, while clearly indicating no fraudulent conduct on the part of the trustee, nevertheless show that he has a personal interest of a substantial nature connected with and growing out of the sale of the trust property, and that at some future date the possible necessity to foreclose the mortgage would create a situation in which the principle of the undivided loyalty rule might have to be applied.

The trust deed specifically authorized him in disposing of the trust property to sell on credit and to take as security for payment a mortgage on the real estate sold. It is our judgment therefore, in view of the above-stated strict rules of law applying to transactions of the kind under consideration and the high standard of loyalty to the trust and its beneficiaries required of a trustee, that he should

be ordered to transfer to himself *as trustee* the note and mortgage given him by the Jarbeaus and now held by him individually. When the above transfer is made the trustee should be reimbursed from the trust for such sums as he may have advanced from his own personal funds in connection with the taking of the $5000 note and mortgage.

It is our opinion that the trial justice was in error in denying and dismissing the bill in its entirety since the complainants are entitled, as we have pointed out, to have the note and mortgage of the Jarbeaus which the trustee is holding in his individual capacity transferred to himself as trustee for the benefit of the complainants. However, we perceive no other relief to which the complainants are entitled on the present record.

The complainants' appeal is sustained, the decree appealed from is reversed in part, and on December 12, 1949, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Henry M. Boss, Edward W. Bradford,* for complainants.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.,* for respondent Henry P. Stone.

*William H. McSoley, Jr.,* for respondents Alide J. and Jane Jarbeau.